## IN THE UNITED STATES DISTRICT COURT FOR
## THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **(1) EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,**<br><br>   **Plaintiff,**<br><br>  **v.**<br><br>**(1) LL OAK TWO LLC D/B/A LANDERS CHRYSLER DODGE JEEP RAM OF NORMAN;**<br>**(2) MOTORS MANAGEMENT CORPORATION;**<br>**(3) LL GLENN ROAD LLC D/B/A LANDERS TOYOTA;**<br>**(4) THE LUTHER HOLDING COMPANY D/B/A LUTHER AUTOMOTIVE GROUP; and**<br>**(5) LL GLENN PLAZA LOOP LLC D/B/A LANDERS CHRYSLER DODGE JEEP RAM OF LITTLE ROCK**<br><br>   **Defendants.** | **Civil Action No.** CIV-19-839-F<br><br>**C O M P L A I N T**<br><br><br><br><br><br><br><br><br><br>**JURY TRIAL DEMAND** |

### NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964, as amended, and Title I of the Civil Rights Act of 1991, to correct unlawful employment practices on the basis of sex, and to provide appropriate relief to Mina Davari ("Davari"), who was adversely affected by such practices. As alleged with greater specificity below, the U.S. Equal Employment Opportunity Commission alleges that the Defendants, LL Oak Two LLC d/b/a Landers Chrysler Dodge Jeep Ram of Norman; Motors Management Corporation; LL Glenn Road LLC d/b/a Landers Toyota; The Luther Holding Company

d/b/a Luther Automotive Group; and LL Glenn Plaza Loop LLC d/b/a Landers Chrysler

Dodge Jeep Ram of Little Rock, refused to hire Davari because she is a woman.

## JURISDICTION AND VENUE

1.       Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337,

1343 and 1345.  This action is authorized and instituted pursuant to Section 703(a)(1),

706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, ("Title

VII"), 42 U.S.C. § 2000e-2(a)(1), 5(f)(1) and (3), and Section 102 of the Civil Rights

Act of 1991, 42 U.S.C. § 1981a.

2.       Venue is proper in this Court because the employment practices alleged to

be unlawful were committed within the jurisdiction of the United States District

Court for the Western District of Oklahoma.

## PARTIES

3.       Plaintiff, the Equal Employment Opportunity Commission (the

"Commission"), is the agency of the United States of America charged with the

administration, interpretation, and enforcement of Title VII of the Civil Rights Act

of 1964, and is expressly authorized to bring this action by Sections 706(f)(1) and

(3) of Title VII, 42 U.S.C. § 2000e-5(f)(l) and (3).

4.       At all relevant times, LL Oak Two LLC d/b/a Landers Chrysler Dodge Jeep Ram

of Norman (Landers Chrysler of Norman) has continuously been a Delaware limited

liability company doing business in the State of Oklahoma and the City of Norman, and

has continuously had at least fifteen (15) employees.

5.     At all relevant times, Landers Chrysler of Norman has continuously been an employer engaged in an industry affecting commerce under Sections 701(b), (g) and (h) of Title VII, 42 U.S.C.§ 2000e(b), (g) and (h).

6.     At all relevant times, Motors Management Corporation (Motors Management) has continuously been a Minnesota for-profit business corporation doing business in the State of Oklahoma and the City of Norman and has continuously had at least fifteen (15) employees.

7.     At all relevant times, Motors Management has continuously been an employer engaged in an industry affecting commerce under Sections 701(b), (g) and (h) of Title VII, 42 U.S.C.§ 2000e(b), (g) and (h).

8.     At all relevant times, LL Glenn Road LLC d/b/a Landers Toyota (Landers Toyota) has continuously been a Delaware limited liability company doing business in the State of Oklahoma and the City of Norman, and has continuously had at least fifteen (15) employees.

9.     At all relevant times, Landers Toyota has continuously been an employer engaged in an industry affecting commerce under Sections 701(b), (g) and (h) of Title VII, 42 U.S.C.§ 2000e(b), (g) and (h).

10.     At all relevant times, The Luther Holding Company d/b/a Luther Automotive Group (Luther Automotive) has continuously been a Minnesota for-profit business corporation doing business in the State of Oklahoma and the City of Norman and has continuously had at least fifteen (15) employees.

11.     At all relevant times, Luther Automotive has continuously been an employer engaged in an industry affecting commerce under Sections 701(b), (g) and (h) of Title VII, 42 U.S.C.§ 2000e(b), (g) and (h).

12.     At all relevant times, LL Glenn Plaza Loop LLC d/b/a Landers Chrysler Dodge Jeep Ram of Little Rock (Landers Chrysler of Little Rock) has continuously been a Delaware Limited Liability Corporation doing business in the State of Oklahoma and the City of Norman, and has continuously had at least fifteen (15) employees.

13.     At all relevant times, Landers Chrysler of Little Rock has continuously been an employer engaged in an industry affecting commerce under Sections 701(b), (g) and (h) of Title VII, 42 U.S.C.§ 2000e(b), (g) and (h).

14.     At all relevant times, Defendants have been continuously doing business in the State of Oklahoma, in the City of Norman, functioning as a single employer and a single integrated enterprise and have continuously employed at least 15 employees.

## ADMINISTRATIVE PROCEDURES

15.     More than 30 days prior to the institution of this lawsuit, Mina Davari  filed a charge of discrimination with the Commission alleging violations of Title VII by Defendant Landers Chrysler of Norman.

16.     On July 2, 2019, the Commission issued to each of the Defendants, who collectively constitute a single employer and single integrated enterprise, a Letter of Determination finding reasonable cause to believe that Title VII was violated and inviting them to join with the Commission in informal methods of conciliation to

endeavor to eliminate the discriminatory practices and provide appropriate relief.

17.     By correspondence dated July 8, 2019, the Commission engaged in communications with Defendants to provide the Defendants the opportunity to remedy the discriminatory practices described in the Letter of Determination.

18.     By e-mail dated July 11, 2019, Defendants, through counsel, declined the Commission's invitation to participate in the conciliation process. As a direct result, the Commission was unable to secure from the Defendants a conciliation agreement acceptable to the Commission.

19.     On July 16, 2019, the Commission issued to Defendants a Notice of Failure of Conciliation.

20.     All conditions precedent to the institution of this lawsuit have been fulfilled.

## STATEMENT OF CLAIM
### (Title VII – Discriminatory failure to hire because of sex)

21.     During the time period from at least March 1, 2017, and continuing through the present, Defendants have engaged in unlawful employment practices, in violation of Section 703 of Title VII, 42 U.S.C. §2000e-2.  These unlawful practices include, but are not limited to, the following:

    a.  Mina Davari, a female, was rehired as a sales associate for David Stanley Chrysler of Norman (David Stanley Chrysler) on July 15, 2016.

    b.  Throughout her employment at David Stanley Chrysler, Davari was a good employee without any attendance or disciplinary problems.

c. Davari was among the highest performing car sales associates at David Stanley Chrysler and received a customer service award for her exceptional performance.

d. In early 2017, David Stanley Chrysler began the process of selling its Norman dealership to Landers Chrysler of Norman.

    i. Landers Chrysler of Norman was a newly-created Delaware limited liability corporation, but the managers who handled the transition from David Stanley Chrysler and exercised control over employment decisions, included Chris Chase, Andy Gadient, and Scott Landers. Landers was an employee of Motors Management, Landers Toyota and Landers Chrysler of Little Rock. Chase was an employee of Landers Chrysler of Little Rock. Gadient was an employee of Motors Management.

    ii. Defendants share common management. For example, Chris Chase was employed by Landers Chrysler of Little Rock when he served as interim manager for Landers Chrysler of Norman, although he sought approval for employment decisions from Andy Gadient and Scott Landers, who were employed by Motors Management. Moreover, Scott Landers is a managing officer for Landers

Toyota and Landers Chrysler of Little Rock.

iii. Defendants' operations are interrelated and they are a single integrated enterprise. A February 2017 e-mail from Luther Automotive refers to Chase as "our employee" and refers to the purchase of David Stanley Chrysler's Norman dealership as "our closing," even though the buyer was Landers Chrysler of Norman. Further, general counsel for Landers Chrysler of Norman is also general counsel for Luther Automotive and uses a "Lutherauto.com" e-mail address. The Luther Automotive website also promotes "Steve Landers Auto Group,"[1] and advertises job openings at Landers Chrysler of Norman, Steve Landers Toyota, and Landers Chrysler of Little Rock.[2]

iv. Defendants Landers Chrysler of Norman, Landers Chrysler of Little Rock and Landers Toyota use the fictitious name "Steve Landers Auto Group" to hold themselves out to the public as a single enterprise.[3] Further, Chase's personal LinkedIn page states that he has served as the General Manager for "Steve Landers Auto Group" in Little Rock,

[1] *See* https://www.lutherauto.com/
[2] *See* https://sites.hireology.com/lutherauto/jobs.html
[3] *See* https://www.stevelandersauto.com/

Arkansas, since 2011.[4]

    v. Defendant Motors Management provides management, financial, human resource, and operational services to Landers Chrysler of Norman. Further, C. David Luther is CEO for both Luther Automotive and Motors Management. Like Scott Landers, C. David Luther is also listed as a managing officer for Landers Toyota and Landers Chrysler of Little Rock.

e. From March 1, 2017, until the acquisition of the David Stanley Chrysler's Norman dealership on April 10, 2017, Landers sent Chase to that dealership to provide "management/consulting/transition assistance" prior to the closing of the sale. After the sale closed, Chase worked as the interim manager of the dealership.

f. The purchase agreement for the dealership provided that Landers had the right, but no obligation, to offer employment to David Stanley employees, but, during the transition, Davari and other sales staff were told by the David Stanley managers, including Joe Brown, that they would remain employed and were "part of the sales deal" with Landers.

g. Further, in the weeks before the close of the acquisition, Landers

---

[4] *See* https://www.linkedin.com/in/chris-chase-661323102/

provided Davari and other David Stanley sales staff with new hire paperwork, including but not limited to insurance information, and payroll orientation. Davari, like other David Stanley Chrysler's Norman sales staff, completed and submitted new hire paperwork to Landers Chrysler of Norman. No one from Landers Chrysler of Norman told Davari that she might not be hired.

h. During the transition, Davari overheard a conversation in the dealership lobby between Chase and another manager, in which Chase told that manager: "This is not a lady's job yet." Because Davari was the only female sales associate at David Stanley Chrysler's Norman dealership, the comment referred to her.

i. When Davari arrived at work on the morning of April 10, 2017, she was approached by Rick McConnell, the new general manager of Landers Chrysler of Norman, and another man, believed to be Andy Gadient, but whom Davari had not met and who did not introduce himself. The unknown man told Davari, "You do not have any place in Landers's organization. You can get your personal stuff from your office and leave." Davari went to her office and discovered that her customer service award was missing from her office. Davari returned to the man who informed her to "get her stuff and leave" and asked if he knew where her award was. He answered, "we trashed it."

j.  Later that afternoon, Davari called Greg Hanson, the recently appointed new-car sales manager for Landers Chrysler of Norman, and asked why she was "terminated" by Landers Chrysler of Norman. He told her he did not know but would ask and call her back. A little later, he called Davari back and told her, "Landers does not have to provide you an explanation."

k.  Davari was the only female sales associate of David Stanley Chrysler employed at its Norman dealership and the only sales associate there who was not retained by Landers Chrysler of Norman.

l.  Landers Chrysler of Norman retained and employed every male David Stanley Chrysler sales associate at its Norman dealership.

22.  Defendants engaged in unlawful employment practices in violation of Section 703(a)(1) of Title VII, 42 U.S.C. § 2000e-2(a)(1) by failing or refusing to hire Mina Davari because of her sex.

23.  The effect of the practices complained of herein has been to deprive Davari of equal employment opportunities and otherwise adversely affect her employment status because of her sex, female.

24.  The unlawful employment practices complained of herein were intentional.

25.  The unlawful employment practices complained of herein were committed with malice or with reckless indifference to the federally protected rights of Davari, who was aggrieved by the discriminatory practices.

## <u>PRAYER FOR RELIEF</u>

WHEREFORE, the Commission respectfully requests that this Court:

A.   Enter declaratory judgment pursuant to 28 U.S.C. § 2201(a) that the Defendants are
     a single integrated enterprise and thus a single employer as defined by 42
     U.S.C.§2000e(b), and that Defendants unlawfully discriminated against Mina
     Davari because of her sex, female, in violation of Title VII, 42 U.S.C. 2000e-
     2(a)(1), thus entitling her to damages.

B.   Grant a permanent injunction enjoining each Defendant, their agents, servants,
     employees, attorneys, officers, assigns, and all persons in active concert or
     participation with them, from engaging in any employment practice which
     discriminates on the basis of sex.

C.   Order each Defendant to institute and carry out policies, practices and programs
     which provide equal employment opportunities for women and which eradicate
     the effects of their past and present unlawful employment practices.

D.   Order Defendants to make whole Mina Davari by providing appropriate back pay
     and benefits with prejudgment interest, in amounts to be proved at trial, and other
     affirmative relief necessary to eradicate the effects of the Defendants' unlawful
     employment practices, including but not limited to instatement or front pay in lieu
     of instatement.

E.   Order Defendants to make whole Mina Davari by providing compensation for past
     and future pecuniary and non-pecuniary losses resulting from the unlawful

11

employment practices described above, including but not limited to compensatory damages for emotional distress, in amounts to be determined at trial.

F.     Order Defendants to pay Mina Davari punitive damages for their malicious conduct or reckless indifference to the federally protected rights of Davari as described above, in amounts to be determined at trial.

G.     Grant such further relief as the Court deems necessary and proper in the public interest.

H.     Award the Commission its costs in this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its Complaint.

SHARON FAST GUSTAFSON
General Counsel

JAMES L. LEE
Deputy General Counsel

GWENDOLYN YOUNG REAMS
Associate General Counsel

ANDREA G. BARAN, MO Bar No. 46520
Regional Attorney

C. FELIX MILLER, MO Bar No. 28309
Supervisory Trial Attorney

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
St. Louis District Office
1222 Spruce St., Rm. 8.100

St. Louis, Missouri 63103
Office: 314-539-7910
andrea.baran@eeoc.gov
felix.miller@eeoc.gov

/s/ Patrick J. Holman
PATRICK J. HOLMAN, OBA No. 21216
Senior Trial Attorney

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
Oklahoma City Area Office
215 Dean A. McGee Ave., Suite 524 Oklahoma
City, OK 73102
(405) 231-4363 (telephone)
(405) 231-4375 (fax)
patrick.holman@eeoc.gov