# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| EQUAL EMPLOYMENT ) | |
| OPPORTUNITY COMMISSION, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| -vs- ) | Case No. CIV-19-0839-F |
| ) | |
| LL OAK TWO LLC D/B/A ) | |
| LANDERS CHRYSLER DODGE ) | |
| JEEP RAM OF NORMAN, et al., ) | |
| ) | |
| Defendants. ) | |

## ORDER

This action is brought by the Equal Employment Opportunity Commission (EEOC) to redress alleged violations of Title VII of the Civil Rights Act of 1964 (Title VII), as amended, 42 U.S.C. § 2000e *et seq.* The gist of the complaint is that defendants allegedly refused to hire Mina Davari as a car salesman because she is a woman. The complaint names five defendants, all of which are alleged to constitute a single employer for purposes of this action.

Before the court is a motion to dismiss under Rule 12(b)(6), Fed. R. Civ. P. Doc. no. 14. The motion is filed by all defendants save one. Moving defendants are: Motors Management Corporation; LL Glenn Road LLC d/b/a Landers Toyota; The Luther Holding Company d/b/a Luther Automotive Group; and LL Glenn Plaza Loop LLC d/b/a Landers Chrysler Dodge Jeep Ram of Little Rock. The non-moving defendant is LL Oak Two LLC d/b/a Landers Chrysler Dodge Jeep Ram of Norman, often referred to in the complaint and in this order as "Landers Chrysler of Norman." Movants argue they should be dismissed because administrative remedies have not

been exhausted as to them, as shown by the underlying charges filed by Davari with the EEOC. The EEOC has responded, objecting to dismissal of any movants. Doc. no. 18. Movants filed a reply brief. Doc. no. 19.

The motion to dismiss will be denied.

## Rule 12(b)(6) Standard

The inquiry under Rule 12(b)(6), Fed. R. Civ. P., is whether the complaint contains enough facts to state a claim for relief that is plausible on its face. Ridge at Red Hawk, L.L.C. v. Schneider, 493 F.3d 1174, 1177 (10th Cir., 2007), quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 547 (2007). To survive a motion to dismiss, a plaintiff must nudge his claims across the line from conceivable to plausible. *Id*.

As stated by Judge Timothy D. DeGiusti in Pendergraft v. Bd. of Regents of Okla. Colleges, 2019 WL 3806639 (W.D. Okla. Aug. 13, 2019):

> Although failure to exhaust is an affirmative defense, it may be raised in a motion to dismiss asserting a failure to state a claim when the grounds for this defense appear on the face of the complaint.

*Id*. at *3 (quotations and citations omitted).

## Discussion

Movants argue that it is clear from the complaint (including the underlying EEOC charges)[1] that administrative remedies have not been exhausted as to them. Specifically, movants argue the complaint fails as to them because the underlying

---

[1] The EEOC charges (original charge at doc. no. 14-1, amended charge at doc. no. 14-2) may be considered without converting the motion to one for summary judgment. *See*, Prager v. LaFaver, 180 F.3d 1185, 1188-89 (10th Cir. 1999) (where defendant submitted an indisputably authentic copy of a document referred to in, and central to, the complaint, document could be considered on a motion to dismiss, as a document not outside the pleadings).

EEOC charges brought by Davari name Landers Chrysler of Norman as the only employer accused of committing discriminatory acts.

In response, the EEOC recognizes the general rule which requires a defendant in a Title VII action to have been named in the underlying EEOC charge. The EEOC argues, however, that an exception applies here. The EEOC argues, and the complaint alleges, that defendants "collectively constitute a single employer and single integrated enterprise…." *Id.*, ¶ 16. (The "single employer" test may also be referred to as the "integrated enterprise" test. Knowlton v Teltrust Phones, Inc., 189 F.3d 1177, 1184 (10th Cir. 1999).) The EEOC relies on other arguments as well, including the "identity of interest" test.[2] In addition, the EEOC argues that any potential exhaustion of remedies problem is overcome because the complaint alleges that all defendants were sent a Letter of Determination which invited them to join in conciliation efforts. Doc. no. 1, ¶¶16-18. Finally, the EEOC argues the motion to dismiss should be denied because it references an affidavit outside the pleadings.

The affidavit-based argument concerns the affidavit of Barbara Hilbert, identified as the Chief Financial Officer of defendant Motors Management Corporation. Doc. no. 14-3. Movants submit the affidavit to show that any dismissal ordered by the court should be with prejudice because amendment of the complaint would be futile. This order does not dismiss any movants from this action. Accordingly, there is no reason to reach the futility-of-amendment argument, and

---

[2] *See*, Knowlton, 189 F.3d 1177, 1185 (Title VII action may proceed against a defendant not named in the EEOC charge when there is a clear identity of interest between the unnamed defendant and the party named in the administrative charge; indicating the identity of interest test is necessarily met if entities constitute a single employer). Although the result reached in this order makes it unnecessary to address the identity of interest argument, the court will offer two, non-binding observations about the EEOC's reliance on that test, for whatever benefit it may be to the parties. First, the complaint does not allege that the identity of interest test applies, referring, instead, to the single employer test. Second, the complaint does not appear to allege facts aimed at satisfying the factors relevant to that test.

the affidavit, whether or not it could be considered for the limited purpose for which it is offered, is immaterial. In these circumstances, the fact that movants have submitted evidence outside the pleadings is not a reason to deny their motion.

Next the court takes up the EEOC's argument that no movants should be dismissed because the movants and the non-movant, together, constitute what is, in effect, a single employer for purposes of this action.

The single employer test is one means by which to satisfy the exhaustion of remedies requirement with respect to an entity not named in the EEOC charge. *See generally*, Sandoval v. City of Boulder, Colo., 388 F.3d 1312, 1322 (10th Cir. 2004) (addressing single employer test for determining whether two nominally separate entities constitute a single employer for purposes of Title VII liability); Knowlton, 189 F.3d at 1184 (where parties and district court assumed application of the single employer test, court applied it to determine whether parent company was liable for subsidiary's discriminatory conduct); Jones v. Standard Consulting, 2017 WL 1148685 at *2 n.3 (W.D. Okla. March 24, 2017) (Knowlton "can be read as adding an additional exception" to the identity of interest test).

Courts applying the single employer test weigh four factors: (1) interrelations of operation, (2) common management, (3) centralized control of labor relations and (4) common ownership and financial control. Sandoval, 388 F.3d at 1322 (citations omitted). Courts generally consider the third factor—centralized control of labor relations (that is, the extent of control an entity has over employment decision-making)—to be the most important. *Id*., citing Bristol v. Bd. Of County Comm'rs of the County of Clear Creek, 312 F.3d 1213, 1220 (10th Cir. 2002), and 1 Arthur Larson & Lex K. Larson, Employment Discrimination § 5.03[1][a], at 5-22 (2d ed. 2003). All four factors are not necessary for single employer status. Knowlton, 189 F.3d 1177, 1184.

Here, the complaint alleges numerous facts relevant to the single employer factors. *See generally*, doc. no. 1, ¶¶ 21 (d)(i) – (v), (e) – (j). A few of many possible examples are listed below.

-- The complaint alleges that Landers Chrysler of Norman (the only entity movants contend was Davari's employer), along with two other defendants, use the fictitious name "Steve Landers Auto Group" and hold themselves out to the public as a single enterprise. Doc. no. 1, ¶ 21(d)(iv).

-- The complaint alleges that yet another defendant provides management, financial, human resource, and operational services to Landers Chrysler of Norman. *Id*. at ¶21(d)(v).

-- The complaint alleges that various individuals have duties for more than one of the entities named as defendants. *Id*. at ¶ 21(d)(ii) (Chris Chase, Scott Landers), (iii) (general counsel), (v) (David Luther).

-- The complaint alleges that job openings were advertised, on the same website, on behalf of various defendants. *Id*. at ¶ 21 (d)(iii).

-- The complaint alleges that Davari was a sales associate for David Stanley Chrysler of Norman (not a defendant) when that entity began the process of selling its Norman dealership to Landers Chrysler of Norman. *Id*. at ¶ 21 (a), (d). The complaint alleges that managers who handled that transition and who exercised control over employment decisions included individuals (named in the complaint) who were employees of various defendants. *Id*. at ¶21(d)(i). The complaint alleges that during the transition, Davari overheard a conversation between one of these individuals (Chase) and another manager, in which Chase told that manager, "This is not a lady's job yet," referring to Davari, who was the only female sales associate at the Norman dealership. *Id*. at ¶ 21(h).

Given these and other allegations relevant to the single employer test, the court concludes that the complaint plausibly alleges a single employer theory of liability. This ruling makes it unnecessary to address the EEOC's remaining arguments for denying the motion.

## Conclusion

After careful consideration, the motion to dismiss is **DENIED**.

IT IS SO ORDERED this 10th day of March, 2020.

_____
STEPHEN P. FRIOT
UNITED STATES DISTRICT JUDGE

19-0839p006.docx